UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CONSTANCE EVI,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.  2:24-cv-0319 DC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is appearing in pro se and seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the undersigned recommends that plaintiff's motion for summary judgment be denied and the Commissioner's cross-motion for summary judgment be granted.

////

////

---

[1] SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I.   PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on June 14, 2021. Administrative Record ("AR") 278-89.[2] Plaintiff alleged the disability onset date was January 1, 2016. AR 278. The applications were disapproved initially and on reconsideration. AR 148-71, 172-91. On December 2, 2022 ALJ William Spalo presided over a hearing on plaintiff's challenge to the disapprovals. AR 87-122 (transcript). Plaintiff was present and testified at the hearing. AR 92. She was represented by attorney Jeff Milam at the hearing. AR 89. Shelly Cochlin, a vocational expert, also testified at the hearing. Id. On February 21, 2023, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 51-61 (decision), 62-65 (exhibits). On November 29, 2023, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7.

Plaintiff filed this action on January 25, 2024. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 10 (plaintiff's summary judgment motion), 13 (Commissioner's summary judgment motion).

II.   FACTUAL BACKGROUND

Plaintiff was born in 1979, and accordingly was 42 years old when she filed her application. AR 278. Plaintiff previously filed a separate case for disability benefits on June 28, 2016, alleging disability beginning January 1, 2016. AR 126. In that case, ALJ Christopher C. Knowdell found plaintiff not disabled. AR 126-140. Plaintiff brought that decision for review in federal court, and the ALJ was affirmed. Evi V. Commissioner of Social Security, 2:19-cv-2200 TLN DMC (E.D. Cal. 2021) at ECF No. 29.

III.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF No. 8-2.

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since May 25, 2021, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, degenerative joint disease of the shoulders, degenerative disc disease of the cervical spine, and mild carpal tunnel syndrome (20 CFR 416.920(c)).
>
> 3. [Step 3]  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] The claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: she could occasionally kneel, crawl, and climb ladders, ropes, or scaffolds; she could frequently balance, stoop, crouch, and climb ramps or stairs; she could occasionally reach overhead, bilaterally; and she could frequently handle and finger, bilaterally.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1979] and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education (20 CFR 416.964).
>
> 8. [Step 5, continued] Work exists in significant numbers in the national economy that the claimant could perform (20 CFR 416.969 and 416.969a)
>
> 9. The claimant has not been under a disability, as defined in the Social Security Act, since May 25, 2021, the date the application was filed (20 CFR 416.920(g)).

AR 53-61. As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 61.

////

////

VI.  ANALYSIS

Plaintiff moves for summary judgment asserting that she is disabled because she has a pinched nerve and a bulging disc from upper to lower back, and noting that she needs surgery. ECF No. 10 at 1.  Plaintiff had a tumor removed in June of 2015 and that is the "time things started going downhill due to the major surgery." Id.  Plaintiff's brief details surgeries on her rotator cuff, carpel tunnel pain in both hands, sciatica on her right lower extremity, and continued pain in her back that keep her from sitting more than 12 minutes and consistently needing to change position. Id. at 1-2.  Plaintiff's brief states that she needs additional rotator cuff surgery and has difficulty sleeping and performing household activities. Id. at 2.  Plaintiff goes on to allege that she suffers from "P.T.S.D. ever since my father passed away 1994.  I have depression and anxiety[.]" Id.  Plaintiff explains she cannot tolerate anti-depression medication. Id.  Plaintiff alleges she cannot work at all due to her pain and the medication, which makes her tired. Id. at 3.

Defendant filed a cross-motion for summary judgment asserting that plaintiff's motion fails because she did not make any specific challenge to the ALJ's decision.  ECF No. 13 at 6. Accordingly, defendant contends plaintiff has waived any challenge to the ALJ's decision. Id. at 8.  Defendant further asserts, in the event that the court finds it appropriate to construe plaintiff's motion as making a substantive challenge to the ALJ's decision, that the decision is supported by substantial evidence, and that plaintiff failed to establish the existence of a severe mental impairment at step two. Id. at 9-15.

A.  Plaintiff Failed to Identify Any Legal Error

Plaintiff's motion for summary judgment must be denied.  Plaintiff has not presented even the barest argument or explanation of a legal basis for summary judgment in her favor.  ECF No. 10.  Plaintiff is proceeding in pro se, and pro se filings are held to less stringent standards than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Still, the court cannot rule in favor of plaintiff when no legal argument has been identified.  Hibbs v. Department of Human Resources, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding argument too undeveloped to be capable of assessment); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (finding that party had forfeited issue on appeal because it failed to provide an

6

analysis of the issue: "Beyond its bold assertion, [plaintiff] provides little if any analysis to assist the court in evaluating its legal challenge").

Here, plaintiff asserts that is disabled but provides no clear challenge to the ALJ's decision to find her not disabled, and neither the court nor the Commissioner can infer her basis for disagreement with the ALJ's decision. ECF No. 10. For this reason alone, plaintiff's motion must be denied. However, in an abundance of caution in light of plaintiff's pro se status, the court will consider whether plaintiff's motion can succeed as one making a general challenge to the ALJ's decision on the grounds that it is not supported by substantial evidence. Because plaintiff also mentions her mental limitations in her motion, the court will consider whether plaintiff's motion can succeed as a challenge to the ALJ's analysis regarding mental limitations at step two.

### B. The ALJ's Decision is Supported by Substantial Evidence

In a social security case, court will only reverse the decision of an ALJ where his or her findings are based on legal error or are not supported by substantial evidence in the record. Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016); Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "'more than a mere scintilla,' but may be less than a preponderance." Molina, 674 F.3d at 1110-11 (quoting Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009)). If the evidence is "susceptible to more than one rational interpretation," the court is required to affirm. Id. at 1111. However, the court cannot affirm, "simply by isolating a specific quantum of supporting evidence," but "must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Attmore, 827 F.3d at 875, quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citation omitted).

Because plaintiff has not alleged any specific legal error, the court reviews the ALJ's opinion to determine whether it is supported overall by substantial evidence. The ALJ summarized plaintiff's subjective reports of radiating back pain, sciatica, neck pain, standing difficulty, lifting no more than two to five pounds, and difficulty performing activities of daily living. AR 56. The ALJ acknowledged that some of the evidence supported plaintiff's claims,

including objective imaging showing irregularities in the lumbar and cervical spine. AR 56-57, 423, 425, 564. However, the ALJ also found that the record contained significant evidence to support a finding of non-disability. For example, the ALJ noted that on May 11, 2022, when plaintiff presented for back pain treatment, she had full range of motion in the shoulder, normal hands and feet, normal gait, and no neurological defects. AR 58, 669, 674. The ALJ noted plaintiff exhibited a normal gait on multiple occasions without the use of an assistive device. AR 57, 428, 481. The ALJ also relied on the fact that the record showed a history of conservative treatment. Plaintiff was advised to pursue physical therapy and other conservative treatment. AR 57-58, 469, 476, 482. On November 12, 2021, plaintiff's request for Norco for back pain was denied and her provider instead continued her on ibuprofen. AR 58, 532. Plaintiff was also advised to manage her carpal tunnel syndrome with wrist splints. AR 536.

Further, the ALJ relied on the prior administrative medical findings of consultative physician Dr. Jonathan Schwartz to support his conclusion. AR 58. After an examination, Dr. Schwartz opined that plaintiff could perform a range of light work with occasional reaching overhead. AR 524. The ALJ also relied on the opinions of agency medical consultants Dr. Williams and Dr. Amon, who reviewed the record at the initial and reconsideration stages, respectively, and found that plaintiff could perform a range of light work. AR 160-63, 184-87. An ALJ may rely on medical opinions and prior administrative medical findings to reach their conclusion. See 20 C.F.R. § 416.929(c)(4) ("We will consider . . . statements by your medical sources"). In summary, the record indicates that the ALJ's opinion was supported by substantial evidence and the court finds no basis for reversal.

### C. The ALJ Did Not Err at Step Two

Because plaintiff mentions her mental impairments in her motion, and because the ALJ declined to find a severe mental impairment at step two, the court considers whether the ALJ erred at step two by finding plaintiff's mental impairments nonsevere. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were considered.

Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

The Social Security Regulations require a specific procedure for evaluating mental impairments. 20 C.F.R. § 416.920a. The Court of Appeals has explained that use of the technique is triggered when a claimant has "presented a colorable claim of mental impairment." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725-26 (9th Cir. 2011). A colorable is one that is not "wholly insubstantial, immaterial, or frivolous." Behn v. Barnhart, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006) (using the colorable claim standard to evaluate whether the ALJ should undergo the special technique in § 416.920a). If it is determined that a colorable claim for mental impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment. 20 C.F.R. § 404.1520a(b)(2); Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000). The regulations require the ALJ to include specific findings as to the degree of limitation in four "functional areas:" (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. §

416.920a(c)(3). The regulations require that the ALJ rate the degree of limitation in each of these four functional areas on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(4). If the ALJ rates the degrees limitation as "none" or "mild" in each of the four functional areas, he or she will generally "conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 416.920a(c)(4)(d)(1).

In this case, the ALJ evaluated the evidence and concluded that "the claimant only has mild limitations in the four domains of 20 CFR 416.920a(c)(3)." AR 55. The ALJ's finding was supported by records from Kaiser Permanente, which contained normal mental status examination findings including alert sensorium, full orientation, normal mood, normal behavior, normal speech, normal dress, normal motor activity, and normal thought process. AR, 531, 549, 582. While records from Allmed in 2022 show that plaintiff's self-reports were consistent with depression (AR 681, 688), there was little documentation showing that she had followed up with her provider's psychiatric referrals (AR 675, 684, 690). On May 11, 2022, an examination showed that plaintiff was conscious, cooperative, and well oriented to time, place, and person. AR 674. She exhibited normal mood, affect, memory, orientation, recall, attention, calculation, and language function. AR 674. She scored a "perfect" 30/30 on a mini mental status examination. AR 674. Further, at the reconsideration level of the administrative process, Dr. Schwartz reviewed the updated medical record and found that plaintiff did not have severe impairment because her mental impairment caused no more than mild limitations in the four broad categories of mental functioning. AR 182-183.

Upon a review of the ALJ's findings and the record, the undersigned concludes that the unremarkable mental status examinations and lack of treatment supported the ALJ's finding at step two that plaintiff's mental impairments were non-severe. Accordingly, plaintiff's motion must be denied.

## VII.  RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) be DENIED;

  2. The Commissioner's cross-motion for summary judgment (ECF No. 13) be GRANTED; and

  4. The Clerk of the Court be directed to enter judgment for defendant and close this case.

  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2024

                /s/ Allison Claire
                ALLISON CLAIRE
                UNITED STATES MAGISTRATE JUDGE